UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04CV111-V-1
(3:99CR24-6-V)

| | |
|---|---|
| **WALTER H. WILLOUGHBY,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court upon Petitioner's Motion to Reconsider (Civ. Doc. No. 5), filed May 19, 2004 and Motion for Permission to File a Delayed 28 U.S.C. § 2255 Motion (Crim. Doc. No. 431), filed April 19, 2004; Petitioner's Motion to File Supplemental Authority (Civ. Doc. No. 6), filed April 11, 2005; Petitioner's Motion for Abeyance of Rule 60(b) Motion (Civ. Doc. No. 7), filed May 17, 2005; and Petitioner's Motion to Amend Rule 60(b) Motion (Civ. Doc. No. 8), filed May 31, 2005, and identical Motion to Amend Rule 60(b) Motion (Crim. Doc. No. 449), filed May 31, 2005.

**Petitioner's Rule 60(b) Motion for Reconsideration**

Upon conducting an initial review of Petitioner's § 2255 Motion, this Court determined that Petitioner's § 2255 Motion appeared to be untimely. In accordance with Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), this Court issued a notice directing Petitioner to explain why his § 2255 Motion should be deemed timely. This notice was filed on April 5, 2004; a response was due within fifteen days. After twenty-nine days had passed without receiving Petitioner's response, this Court

1

dismissed Petitioner's Motion as untimely. However, unbeknownst to the Court, on April 19, 2004, Petitioner had filed a Motion for Permission to File a Delayed 28 U.S.C. § 2255 Motion in his criminal case. (Crim. Doc. No. 431). Petitioner contends that this Motion for Permission to File a Delayed § 225 Motion was filed in his criminal case instead of his civil case as a result of mistake or excusable neglect and asks that the Court consider this Motion on the merits.

Petitioner's Rule 60(b) Motion is denied because the Court finds for the reasons stated below that even if the Motion for Permission to File a Delayed § 2255 Motion had been properly filed in his civil case, the Motion would have been denied on the merits.[1] In his Motion for Reconsideration, Petitioner asserts that to allow his Motion to Vacate to be dismissed as untimely would be a total miscarriage of justice. Such a broad, unsupported assertion is insufficient to overcome the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) one year statute of limitations.

Petitioner also asserts that the one year statute of limitations should not run from the date his conviction became final pursuant to § 2244 (d)(1)(A), but instead should have commenced on the date that the facts supporting his claims could have been discovered through the exercise of due diligence, pursuant to 28 U.S.C. § 2244 (d)(1)(D). Petitioner reads the statute to mean that he should have one year to prepare his petition from the date that he has finished reviewing the record and has discovered all purported constitutional violations. Reading the statute this way would completely circumvent the one year statute of limitations. This section applies only to newly discovered evidence, not to evidence that can be discovered from combing the record.

---

[1] The merits of Petitioner's Motion to Reconsider and Motion to File a Delayed § 2255 Motion are substantially similar. Petitioner's Motion to File a Delayed § 2255 Motion which was filed in his criminal case is denied for the same reasons given for the denial of his Motion to Reconsider.

2

Next, Petitioner asserts that the AEDPA statute of limitations should have been equitably tolled because of jail transfers, lack of funds, and lack of legal training. "[A]ny invocation of equity to relieve the strict application of a statute of limitations should be guarded and infrequent lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). Equitable tolling is only appropriate in "those rare circumstances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Id. Lack of funds, lack of legal training, and jail transfers do not satisfy this stringent requirement.

Finally, Petitioner asserts that the rule announced in Apprendi v. New Jersey, 530 U.S. 466 (2000), starts a new one year limitations period, pursuant to 28 U.S.C. § 2244 (d)(1)(C). However, in order for a new limitations period to begin, the rule must be a watershed rule made retroactive by the Supreme Court. The Supreme Court has not made this rule retroactive. Indeed, the Fourth Circuit held in United States v. Sanders, 247 F.3d 139, 146 (4th Cir. 2001), that Apprendi does not apply retroactively to cases on collateral review. For the reasons stated above, Petitioner's Motion for Reconsideration is denied.

**Petitioner's Motion to File Supplemental Authority**

Petitioner raises a similar claim in his Motion to File Supplemental Authority in which he asserts that he should be able to argue the rules announced in Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005). Both of these cases were decided long after his conviction became final in 2003. Like Apprendi, for these rules to apply to his sentence, they must be made retroactive on collateral review by the Supreme Court. In United States v. Morris, 429 F.3d 65 (4th Cir. 2005), the Fourth Circuit held that Blakely and Booker were not

3

watershed rules warranting retroactive application. Petitioner's Motion to File Supplemental Authority is denied.

**Petitioner's Motion to Hold His Rule 60(b) Motion in Abeyance**

Petitioner has also filed a Motion to Hold His Rule 60(b) Motion in Abeyance until the Supreme Court issued its ruling in Gonzales v. Crosby, 545 U.S. 524 (2005). As is evident by the case citation, the Supreme Court has issued an opinion in this case. Petitioner's motion is denied as moot.

**Petitioner's Motions to Amend his Rule 60(b) Motion**

Finally, Petitioner has filed a Motion to Amend his Rule 60(b) Motion.[2] In this Motion, Petitioner seeks to add the argument that the AEDPA's statute of limitations should be tolled since he did not find out from his lawyer that his writ of certiorari had been denied until two months after the fact. Petitioner cites Brandon v. United States, 89 F. Supp. 2d 731 (E.D. Va. 2000), to support his argument; however, Brandon is distinguishable. In Brandon, the AEDPA statute of limitations was tolled because neither Brandon nor his attorney had received notice that the writ of certiorari had been denied until after the AEDPA limitations period had run. In the instant case, Petitioner had ten months after he received notice of the denial of his writ of certiorari to file his habeas petition. Ten months is more than enough time to complete and file a habeas petition; therefore, the kind of extraordinary circumstance that would warrant equitable tolling are not present in this case.

In addition, in Rouse v. Lee, 339 F.3d 238, 249-50 (4th Cir. 2003), the Fourth Circuit held that via the laws of agency, the actions of an attorney are also the actions of the client, thus an

---

[2] Petitioner has filed identical Rule 60(b) Motions to Amend in both his civil and criminal case. The Court's analysis is applicable to both of Petitioner's Motions to Amend.

attorney's actions are not external circumstances. Petitioner also appears to contend that he did not have counsel for his habeas petition; however, Petitioner's right to counsel ended once his petition for writ of certiorari was denied. See <u>Rouse</u>, 339 F.3d at 250. Consequently, Petitioner's Motion to Amend is denied.

**IT IS HEREBY ORDERED** that:

(1) Petitioner's Motion for Reconsideration (Civ. Doc. No. 5) is <u>DENIED</u>;

(2) Petitioner's Petitioner's Motion to File Supplemental Authority (Civ. Doc. No. 6) is <u>DENIED</u>;

(3) Petitioner's Motion for Abeyance of Rule 60(b) Motion (Civ. Doc. No. 7) is <u>DENIED</u> as moot;

(4) Petitioner's Motion to Amend Rule 60(b) Motion (Civ. Doc. No. 8) is <u>DENIED</u>;

(5) Petitioner's Motion to File a Delayed § 2255 Motion (Crim. Doc. No. 431) is <u>DENIED</u>; and

(6) Petitioner's Motion to Amend Rule 60(b) Motion (Crim. Doc. No. 449) is <u>DENIED</u>.

Signed: October 10, 2007

Richard L. Voorhees
United States District Judge